**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**
Civil Action No:

**HAVANNA JANE GRISSOM**

    Plaintiff,

v.

**FAY SERVICING, LLC**

    Defendant

**COMPLAINT FOR DAMAGES**
[Jury Trial Demanded]

_____/

Plaintiff Havanna Jane Grissom ("Plaintiff" or "Grissom") and for her Complaint for Damages against Defendant Fay Servicing, LLC ("Defendant" or "Fay") states as follows:

### INTRODUCTION

1.  The community has a right to expect that all noticed parties must comply with laws to prevent and protect consumers from foreseeable, irreparable harm. Noticed parties who fail to comply with laws should be sanctioned. This is a complaint for violations of RESPA, Regulation X and to enforce the Bankruptcy Court's stay of relief entered on November 27, 2023. Fay has willfully chosen not to comply with the Bankruptcy Court's order. Grissom has been damaged and seeks monetary and declaratory relief in addition to sanctions and punitive damages based on Fay's willful choice not to comply with the Bankruptcy Court's order and other federal remedial consumer protection laws.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Havanna Jane Grissom is a natural person and the owner of residential real property located at and commonly known as 4811 Redwood Road, Durham, North Carolina, 27704 (the "Home").

3. Grissom currently maintains the Home as her primary, principal residence, and has so maintained the Home for all times relevant to the allegations of the Complaint.

4. Grissom is also a "debtor" as defined at 11 U.S.C. § 101(13).

5. Defendant Fay Servicing, LLC is a foreign limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 5426 Bay Center Dr., Ste. 300, Tampa, FL 33609.

6. As of September 19, 2024, Fay was active and in good standing as a limited liability company in the State of North Carolina. Fay's registered agent is Registered Agent Solutions Inc., located at 176 Mine Lake Court, Suite 100, Raleigh, North Carolina, 27615.

7. Fay is the servicer of a note executed by Grissom that is secured by a mortgage on the Home (the "Grissom Loan") and has serviced the Grissom Loan at all times relevant to the allegations in this complaint.

8. Fay is a "creditor" as that term is defined at 11 U.S.C. § 101(10).

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* (RESPA).

10. This Court also has jurisdiction pursuant to provisions of 28 U.S.C. § 1334 in that this proceeding arises in, and is related to, the above captioned Chapter 13 case, under Title 11, and concerns property of Plaintiff in that case.

11. This Court has supplemental jurisdiction to hear all possible state law claims pursuant to 28 U.S.C. §1367.

12. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Grissom maintains the real estate property as her primary residence within this District.

## SUMMARY OF CLAIMS

13. This action is filed to enforce the automatic stay found at 11 U.S.C. § 362(a) and to enforce regulations promulgated by the Consumer Financial Bureau (CFPB) and implemented pursuant to 12 U.S.C. §2601 et. seq. which became effective on January 10, 2014, specifically, 12 C.F.R. §1024.41 of Regulation X.

14. Pursuant to 11 U.S.C. § 362(a), a filed bankruptcy petition operates as a stay as to the debtor and property of the estate.

15. The Grissom Loan is a "federally related mortgage loan" as defined by RESPA and Regulation X. 12 U.S.C. § 2602(1); 12 C.F.R. § 1024.2(b).

16. The Grissom Loan is not a "reverse mortgage transaction" as defined by RESPA and Regulation X. 12 C.F.R. § 1024.31; see 12 C.F.R. § 1026.33(a) (Regulation Z).

17. Fay is a mortgage servicer as defined by RESPA and Regulation X, 12 U.S.C. §2605(i)(2) and 12 C.F.R. §1024.2(b).

18. Fay is subject to the requirements of RESPA and Regulation X. Fay does not qualify for the exception as a small servicer as defined by 12 C.F.R. §1026.41(e)(4).

19. Fay does not qualify for the exception as a qualified lender as defined by 12 C.F.R. §617.7000.

20. Mortgage servicers are prohibited from failing "to take timely action to respond to a borrower's request to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other related standard servicer's duties." 12 U.S.C. §2605(k)(1)(C).

21. Mortgage servicers are prohibited from "failing to comply with any other obligation found by the (CFPB), by regulation, to be appropriate to carry out the consumer protection purposes of (RESPA). 12 U.S.C. § 2605(k)(1)(E).

22. As a result of the violation of the automatic stay as set forth herein, Grissom is entitled to recover against the Defendant an award of actual damages, punitive damages, and legal fees and expenses pursuant to 11 U.S.C. § 362(k).

23. Grissom has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed violations as set forth herein which provide for remedies including actual damages, costs, statutory damages, and attorney fees.

## FACTUAL BACKGROUND

### (The Bankruptcy)

24. Grissom filed a voluntary petition in this district's bankruptcy court under Chapter 13, Title 11 U.S.C. on October 25, 2019 (Case No. 19-80802-5). The automatic stay was in full effect as of October 25, 2019. **Exhibit 1.**

25. The Court confirmed Grissom's Chapter 13 Plan on February 24, 2020. A copy of the Confirmed plan and Order Confirming plan is attached hereto as **Collective Exhibit 2.**

26. On December 5, 2023, Fay filed a motion to modify the automatic stay with this Court. Fay alleged they paid the 2021 Durham County taxes on the Home. Fay stated it paid $1,254.56 on April 28, 2021, to the Durham County, North Carolina taxing authority. **Exhibit 3.**

27. Grissom's counsel appeared at the continued hearing by Fay to modify the automatic stay on January 23, 2024. The motion was orally withdrawn by Fay.

28. Fay did not file a notice of fees, expenses, and charges for the alleged payment on the 2021 Durham County taxes pursuant to Fed. R. Bankr. P. 3002.1.

29. The amount paid by Fay is a non-recoverable expense. Fay should not have filed a motion to modify the automatic stay for the non-recoverable expense.

30. Grissom paid the 2021 Durham County taxes on the Home. Specifically, Grissom's Chapter 13 Trustee, Richard M. Hutson, made two separate payments for the 2021 taxes. Grissom made a cash payment for the 2021 Durham County taxes for the Home. **Exhibit 4.**

31. Fay established an escrow account but failed to notify Grissom it had taken such action. Fay further failed to conduct an escrow analysis and failed to notify Grissom of method(s) to repay the escrow disbursement made by Fay.

32. Beginning with the July 25, 2023 Fay mortgage statement, Fay demanded a monthly mortgage payment in the amount of $878.83. Included in that amount was $191.76 for the alleged escrow of taxes and insurance on the Home.

33. Fay did not seek approval of the Bankruptcy Court to set up the escrow account for the Home. Grissom's post-petition mortgage payments should have been applied only for principal and interest until the Bankruptcy Court approved the escrow account.

34. Grissom's Deed of Trust dated January 26, 2006 Uniform Covenant #2, "Funds for Taxes and Insurance states: Subject to applicable law or to a written waiver by lender, borrower shall pay to lender on the day monthly payments are due under the note, until the note is paid in full, a sum equal to one-twelfth of …" **Exhibit 5.**

35. Fay paid taxes to Durham County on April 28, 2021, in the amount of $1,254.56. Fay charged and logged this same amount to its system of record as an "Escrow Disbursement."

36. Fay did not provide a written waiver or otherwise notify Grissom of the establishment of an escrow account as required in Uniform Covenant #2 in the Deed of Trust.

37. Fay did not give Grissom the opportunity to repay the taxes over time in a sum equal to one-twelfth of the $1,254.56 amount.

**(Notices of Error)**

38. On or about March 25, 2024 Grissom sent a Notice of Error ("Error #1") pursuant to 12 C.F.R. § 1024.35(b)(5) and 12 C.F.R. § 1024.35(b)(11) to Fay at its designated address for receipt of requests of information and notices of error pursuant to 12 C.F.R. §§ 1024.36(b) and 1024.35(c). A copy of Error #1 is attached as **Exhibit 6**.

39. Error #1 alleged that Fay committed multiple violations of 12 C.F.R. § 1024.35(b)(5) and/or (b)(11) related to seeking repayment of advanced property taxes including, but not limited to, (1) Fay paid $1,254.56 to the Durham County tax authorities, (2) Fay did not file a notice of fees, expenses, and charges pursuant to FRBP 3002.1 with the Bankruptcy Court, and (3) Grissom alleged the $1,254.56 was not recoverable by Fay based on the failure to file the appropriate notice under FRBP 3002.1. *See* Exhibit 6.

40. Fay did not acknowledge or respond to Grissom's Notice of Error #1.

41. Having not received an acknowledgement or response to Notice of Error #1, on or about April 19, 2024 Grissom sent a second Notice of Error ("Error #2") pursuant to 12 C.F.R. § 1024.35(b)(5) and 12 C.F.R. § 1024.35(b)(11) to Fay at its designated address for receipt of requests of information and notices of error pursuant to 12 C.F.R. §§ 1024.36(b) and 1024.35(c). A copy of Error #2 is attached as **Exhibit 7.**

42. Fay did not acknowledge or respond to Grissom's Notice of Error #2.

43. Fay failed to send written notice acknowledging receipt of either NOE #'s 1 or 2 within five (5) days of receipt, excluding legal public holidays, Saturdays, and Sundays as required by 12 C.F.R. § 1024.35(d) and 12 U.S.C. § 2605(e)(1)(a).

44. Fay failed to send written notice acknowledging receipt of either NOE #'s 1 or 2 within five (5) days of receipt, excluding legal public holidays, Saturdays, and Sundays as required by 12 C.F.R. § 1024.35(d) and 12 U.S.C. § 2605(e)(1)(a).

45. Fay failed to respond to either NOE #'s 1 or 2 not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receiving the Notice of Errors as required by 12 C.F.R. § 1024.35(e)(3)(b)(i)(B) and 12 U.S.C. § 2605(e)(2).

## DAMAGES TO GRISSOM

46. Notwithstanding Fay's erroneous claims that she was behind in her mortgage payments, Grissom continued to make consistent monthly payments to Fay throughout the Chapter 13 bankruptcy case. Grissom did not miss any monthly payments due to Fay.

47. Fay's actions have caused Grissom to suffer from actual damages including but not limited to:

   a. Additional interest, fees and charges, including, but not limited to late fees, imposed on the Loan.

   b. The cost of seeking treatment for emotional and physical treatments from licensed professionals due to extreme anxiety, panic, and depression caused by the actions of Fay.

   c. Legal fees, costs, and expenses to submit each of the NOEs.

    d.  Credit damage and reputational harm, and an exacerbation of any existing credit damage.

48. Attached as **Exhibit 8** to this Complaint is an affidavit from Ms. Grissom describing some of her damages and is incorporated by reference.

**PATTERN AND PRACTICE OF REGULATION X VIOLATIONS BY FAY**

49. The foregoing allegations and exhibits of this complaint are re-alleged and incorporated by reference.

50. Fay's actions are part of a pattern and practice of behavior in violation of Grissom's rights and in abdication and contravention of Fay's obligations under the mortgage servicing regulations set forth in Regulation X of RESPA.

51. As of the filing of this Complaint, consumers nationwide have lodged at least one hundred ninety-eight (198) consumer complaints with the CFPB against Fay, specifically concerning the issue identified on the CFPB's consumer complaint database as "loan servicing, payments, escrow accounts" related to mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database located at: http://www.consumerfinance.gov/data-research/consumer-complaints.

52. Grissom has reviewed the CFPB's consumer complaint database and has identified narratives asserting that Fay engaged in similar conduct against other borrowers. In particular, Grissom has reviewed the nine (9) consumer complaints attached hereto and identified as **Collective Exhibit 9.** The date, details, and a narrative disclosed by the consumer is set forth in each complaint. The complaints show conduct which demonstrates that Fay has engaged in a pattern or practice of violating RESPA with respect to other borrowers.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF 12 C.F.R. § 1024.35(e) AND 12 U.S.C. §§ 2605(e) AND (k)
**[Failure to Acknowledge and Respond to Grissom's Notice of Errors - Error #1 and Error #2]**

53. Grissom restates and incorporates by reference all their statements and allegations contained in Paragraphs 1 through 52 in their entirety, as if fully rewritten herein.

54. "A servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." 12 C.F.R. § 1024.35(a).

55. Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. § 1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower." Supplement I to Part 1024.

56. A servicer must respond to a notice of error by either:

   (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
   (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.35(e)(1)(i); *see also*, 12 U.S.C. § 2605(e)(2)(B).

57. A servicer must respond to a notice of error in compliance with 12 C.F.R. § 1024.35(e)(1):

9

> (A) Not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section.
> (B) Prior to the date of a foreclosure sale or within 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error, whichever is earlier, for errors asserted under paragraphs (b)(9) and (10) of this section.
> (C) For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.

12 C.F.R. § 1024.35(e)(3)(i); *see also*, 12 U.S.C. § 2605(e)(2).

58. "A servicer of a federally related mortgage shall not…fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).

59. A servicer of a federally related mortgage shall not "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

60. The NOEs each constitute a notice of error as defined by 12 C.F.R. § 1024.35(a) as they are each a "written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." See, Exhibits 3 & 4.

61. Grissom sent Fay two separate NOEs at the designated address for notices of error by borrowers.

62. Had Fay performed even a rudimentary investigation of its servicing file and Fay's Chapter 13 history in its investigation of the NOEs, it would have discovered the property tax had been paid by the Chapter 13 trustee and its Motion to Modify the Automatic Stay filed to collect the taxes had been withdrawn by its counsel.

10

63. Accordingly, Fay's actions and inactions with respect to the NOEs constitute violations of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(e) and (k) and have caused Grissom to suffer actual damages as detailed, supra.

64. Fay's actions are believed to be part of a pattern and practice of behavior in conscious disregard for Grissom's rights and in abdication of Fay's obligations under RESPA and Regulation X.

65. As a result of Fay's actions, it is liable to Grissom for actual damages and statutory damages for each of the at least four (4) violations alleged in Count One. 12 U.S.C. § 2605(f)(1).

66. Grissom requests reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

## COUNT TWO: VIOLATION OF THE AUTOMATIC STAY
## (11 U.S.C. § 362)

67. Grissom restates all allegations contained in Paragraphs 1 through 66 as if fully restated herein.

68. At all times relevant hereto, Fay had actual or implied knowledge of Grissom's bankruptcy filing.

69. Pursuant to 11 U.S.C. § 362(a), a filed bankruptcy petition operates as a stay as to the debtor and property of the estate.

70. Despite the prohibitions stated in the above paragraphs, Fay repeatedly and willfully attempted to collect a debt not owing from Grissom and interfering with property of the estate by adding amounts not due and misapplying principal and interest payments without seeking leave of Court in violation of the automatic stay. 11 U.S.C. § 362

71. Fay's actions set forth hereinabove constitute and demonstrate willful repeated violations of the automatic stay that violated the Bankruptcy Courts' orders received by Grissom.

72. As a result of the above violations of the automatic stay, is entitled to recover against Fay in an award of actual damages, punitive damages, and legal fees and expenses pursuant to 11 U.S.C. § 362(k).

## COUNT THREE: VIOLATIONS OF NORTH CAROLINA'S CONSUMER PROTECTION ACT, N.C.G.S. § 75-1.1, *ET SEQ.*

73. Grissom restates and incorporates all of the statements and allegations contained in paragraphs 1 through 72 in their entirety, as if fully rewritten herein.

74. The mortgage loan servicing and practices described herein by Fay, as set forth herein, are governed by the North Carolina Consumer Protection Act ("NCCPA"), N.C.G.S. § 75-1.1, et seq.

75. At all times relevant to this action, Fay was engaged in acts or practices in or affecting commerce within the meaning of N.C.G.S. § 75-1.1(b).

76. The conduct, errors, and omissions of Defendant as alleged herein constitute unfair and deceptive acts or practices in violation of N.C.G.S. § 75-1.1.

77. Fay's acts and omissions described herein include, but are not limited to, providing multiple inaccurate monthly payment amounts, misapplying payments to an escrow account that should not have been established, and failing to inform Plaintiff of the establishment of the escrow account.

78. Fay's actions as alleged herein were willful and their failure to rectify its errors constitute an unwarranted refusal to do so.

79. Grissom reasonably relied upon the direct and indirect material acts, actions, and omissions of Fay as set forth *supra* and further demonstrated by their continued attempted

communications with Fay to correct the prior errors. Fay's acts and omissions were simply unreasonable, unfair, abusive, and deceptive.

80. Had Fay not acted unfairly and deceptively, Grissom would not have suffered the damages and losses described *supra*.

81. Grissom has pled sufficient facts to put Fay on notice as to the claims exemplified supra (i.e. dates of key acts and representations of Fay and its agents and representatives; and the regulatory and statutory duties of Fay) which it simply ignored and thereby infected the subject transactions to ensure harm and damage to Grissom.

## PRAYER FOR RELIEF

WHEREFORE, Grissom pray this Court grant judgment against Defendant Fay Servicing LLC and award her the following:

A. Award actual damages in an amount to be determined at trial for the allegations contained in Count One pursuant to 12 U.S.C. § 2605(f)(1)(A);

B. Award statutory damages in the amount of Two Thousand Dollars ($2,000.00) for each of its violations of RESPA contained in Count One pursuant to 12 U.S.C. § 2605(f)(1)(B);

C. Award Grissom attorney's fees and litigation costs as provided by 12 U.S.C. § 2605(f)(3);

D. Issue an Order that finds Fay's actions constitute willful violation(s) of the automatic stay pursuant to 11 U.S.C. § 362(k)(1);

E. Award actual and punitive damages to Grissom in an amount to be determined at trial for the allegations contained in Count Two pursuant to 11 U.S.C. § 362(k)(1);

F. Award Grissom attorney's fees and litigation costs as provided by 11 U.S.C. § 362(k)(1);

G.  Find Fay in violation of the NCCPA and award (i) actual damages for its violations of N.C.G.S. § 75-1.1, (ii) treble the award of actual damages pursuant N.C.G.S. § 75-16, and (iii) and reasonable attorney fees pursuant N.C.G.S. § 75-16.1 for the allegations contained in Count Three; and

H.  Grant any other relief this Court may deem just and proper.

## TRIAL BY JURY

Grissom is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

Respectfully submitted this the 6th day of October 9, 2024,

Respectfully submitted,

*/s/ Erik A. Martin*
Erik A. Martin (NC Bar No. #55683)
Law Office of John T. Orcutt
Attorney for Debtor
1738 Hillandale Road
Suite D
Durham, NC 22705
(919) 286-1695
Emartin@lojto.com

Brent A. Snyder (TN BPR #021700)*
*Motions for Pro Hac Vice Anticipated
**DannLaw**
15000 Madison Avenue
Cleveland, OH 44107
Phone: (216) 373-0539
Fax: (216) 373-0536
notices@dannlaw.com
*Counsel for Havanna Grissom*

14