# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: ) | Case No. 1:19-bk-80802 |
| ) | Chapter 13 |
| HAVANNA JANE GRISSOM, ) | |
| ) | |
| Debtor. ) | |
| _____) | |
| HAVANNA JANE GRISSOM, ) | |
| ) | |
| ) | Adversary Proceeding No. 1:25-ap- |
| Plaintiff, ) | 9001 |
| v. ) | |
| ) | |
| FAY SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

**NOW COMES** Defendant, Fay Servicing, LLC (herein "Fay"), by and through the undersigned counsel, and hereby moves for judgment on the pleadings, pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12(c) of the Federal Rules of Civil Procedure, to dismiss with prejudice Plaintiff's Third Claim based upon the North Carolina Consumer Protection Act § N.C.G.S. 75-1.1 *et seq*. (herein "NCCPA") on the ground that Plaintiff has failed to state a claim upon which relief can be granted (herein "Motion"). In support of the Motion, Fay submits the following:

1. The Plaintiff's Third Claim for violation of the NCCPA fails to state a plausible claim for relief because it is barred as a matter of law on two independent grounds.

2. The Plaintiff's Third Claim is barred by the doctrine of preemption by the Bankruptcy Code since it is premised on conduct occurring during pendency of Plaintiff's Chapter 13 Bankruptcy Proceeding and is premised on violations of the automatic stay.

3. The Plaintiff's Third Claim is also barred because the Plaintiff has failed to allege substantial aggravating circumstances to support a plausible claim against Fay under the NCCPA.

4. This Motion is based on the pleadings on file in this action, on this Motion, and on the Defendant Fay Servicing, LLC's Brief in Support of Motion for Partial Judgment on the Pleadings filed contemporaneously herein.

WHEREFORE, Defendant, Fay Servicing, LLC, prays for the following relief:

1. That the Plaintiff's Third Claim be dismissed with prejudice; and

2. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 30th day of April, 2025.

THE LAW OFFICE OF JOHN T. BENJAMIN, JR., P.A.

*/s/ William E. Hubbard*
William E. Hubbard
NC Bar No.: 23605
hubbard@lawjtb.com
1115 Hillsborough Street
Raleigh, NC 27603
Telephone: (919) 755-0060
Facsimile: (919) 755-0069
*Attorney for Defendant,*
*Fay Servicing, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 30th day of April, 2025, I have caused a true and correct copy of the foregoing to be sent electronically to all parties consenting to such service through the Court's CM/ECF system and/or by U.S. Mail, postage pre-paid, to:

| | |
|---|---|
| Erik A. Martin<br>Law Office of John T. Orcutt<br>1738 Hillandale Road, Suite D<br>Durham, NC 22705<br>Emartin@lojto.com<br>*Attorney for Plaintiff,*<br>*Havanna Jane Grissom* | Brent S. Snyder<br>DannLaw – Of Counsel<br>15000 Madison Avenue<br>Lakewood, OH 44107<br>bsnyder@dannlaw.com<br>*Attorney for Plaintiff,*<br>*Havanna Jane Grissom* |
| John Paul Hughes Cournoyer<br>Bankruptcy Administrator<br>101 S. Edgeworth Street<br>Greensboro, NC 27401 | Anita Jo Kinlaw Troxler<br>Greensboro Chapter 13 Office<br>500 W. Friendly Ave.<br>P.O. Box 1720<br>Greensboro, NC 27402-1720<br>office4@chapter13gboro.com<br>*Trustee* |

      */s/ William E. Hubbard*
      William E. Hubbard
      NC Bar No.: 23605
      hubbard@lawjtb.com
      1115 Hillsborough Street
      Raleigh, NC 27603
      Telephone: (919) 755-0060
      Facsimile: (919) 755-0069
      *Attorney for Defendant,*
      *Fay Servicing, LLC*